UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN PARDI,

      Plaintiff,

v.                                      Case No. :

BURGERMONGER FRANCHISING,
LLC and JAKE HICKTON, an individual

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN PARDI ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, BURGERMONGER FRANCHISING, LLC ("BURGERMONGER") and JAKE HICKTON in his individual capacity ("Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and failure to pay overtime.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4.      Defendants operate a food service restaurant in Tampa, Florida in Hillsborough County.

5.      Defendant BURGERMONGER is a Florida limited liability company.

6.      Defendant JAKE HICKSTON is the owner of BURGERMONGER.

7.      Plaintiff is a resident of Hillsborough County, Florida.

## GENERAL ALLEGATIONS

8.      At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

9.      As part of his regular job duties for Defendants, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

10.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

11.     At all times material hereto, Defendant BURGERMONGER was an "employer" within the meaning of the FLSA.

12.     Defendant BURGERMONGER continues to be an "employer" within the meaning of the FLSA.

13.     At all times material hereto, Defendant BURGERMONGER was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

14.     At all times material hereto, the annual gross sales volume of Defendant BURGERMONGER exceeded $500,000 per year. Thus, Defendant BURGERMONGER was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

15.     Defendant JAKE HICKTON is the owner of BURGERMONGER.

16.     As part of his duties, Defendant JAKE HICKTON supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant JAKE HICKTON also controlled the payroll practices of BURGERMONGER.

17.     Through the exercise of dominion and control over employee-related matters at BURGERMONGER, Defendant JAKE HICKTON, in his individual capacity is also an "employer" within the meaning of FLSA.

18.     At all times material hereto, Plaintiff, while employed by Defendants, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

19.     Specifically, Plaintiff was not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendants; he had no special or professional qualifications and skills for the use of which he was employed by Defendants; and he had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

20.     Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

21.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

22.     Plaintiff has satisfied all conditions precedent, or they have been waived.

23.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

24.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

25.     Plaintiff worked for Defendants from on or about April 10, 2016 to on or about July 24, 2016, as a restaurant manager.

26.     Though Plaintiff held the nominal title of "manager," he did not exercise any independent judgment in performing his job duties, nor did Defendants grant him any discretion in selecting either the manner in which he conducted his work or the methods or procedures that he used to carry out his tasks. Instead all of Plaintiff's work was conducted in accordance with Defendants' specifications.

27.     Though Plaintiff held the nominal title of "manager" the majority of his time was spent in performing non-managerial activities such as maintaining cleanliness of the restaurant and waiting on customers.

28.     Defendants paid Plaintiff an hourly rate.

29.     At all times material hereto, Plaintiff worked hours at the direction of Defendants, and he was not paid a minimum wage for all of the hours that he worked.

30.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be compensated for all of his overtime hours at a rate equal to one and one-half times his regular hourly rate.

31.     Defendants failed to pay Plaintiff an overtime premium for all of the hours that Plaintiff worked.

32.     Additionally, Defendants failed to pay Plaintiff for training period at the beginning of his employment with Defendants.

33.     Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

<u>**COUNT I – FLSA MINIMUM WAGE VIOLATION**</u>

34.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

35.     During the statutory period, Plaintiff worked for Defendants, and he was not paid the applicable minimum wage for the hours that he worked, as mandated by the FLSA.

36.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

37.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)     Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b)     Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

c)     An amount equal to Plaintiff's minimum wage damages as liquidated damages;

5

d)      To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)      A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)      All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

38.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

39.     During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

41.     As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a)      Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)      Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

c)      An amount equal to Plaintiff's overtime damages as liquidated damages;

d)      To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)      A declaration that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)      All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

42.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

43.     During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for Plaintiff's services.

44.     Defendants failed to pay Plaintiff all "wages" owed to Plaintiff, including failing to pay Plaintiff for training period.

45.     As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a)      A jury trial on all issues do triable;

b)      That process issue, and that this Court take jurisdiction over the case;

c)   Judgment against Defendants for an amount equal to Plaintiff's

unpaid back wages;

d)   All costs and attorney's fees incurred in prosecuting these claims,

in accordance with Fla. Stat. § 448.08;

e)   For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ___ day of September, 2016.

Respectfully submitted,

_____

**LUIS A. CABASSA**
Florida Bar No.0053643
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: (813) 379-2565
Facsimile No.: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@ wfclaw.com
**Attorneys for Plaintiff**